**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**STEVEN CUMMINGS,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 8:04-cv-1700-T-TBM

**JO ANNE B. BARNHART,
Commissioner of the United States
Social Security Administration,**

    **Defendant.**
_____/

**O R D E R**

The Plaintiff seeks judicial review of the denial of his claims for Social Security disability benefits and Supplemental Security Income payments. For the reasons set out herein, the decision is affirmed.

I.

Plaintiff was thirty-nine years of age at the time of his administrative hearing. He stands 6' tall and weighed 290 pounds. Plaintiff has a high school education, some college education, and vocational training as a truck driver. His past relevant work was as a hospital admitting clerk, an automobile salesman, an automobile clerk, a truck driver, a delivery driver, a jewelry salesman, and a security guard. Plaintiff applied for disability benefits and Supplemental Security Income payments in July 2000, alleging disability as of June 6, 2000,

by reason of major depression, mixed personality disorder, and post traumatic stress disorder. The Plaintiff's applications were denied originally and on reconsideration.

The Plaintiff then received a *de novo* hearing before an Administrative Law Judge (hereinafter "ALJ"). In essence, Plaintiff claimed that he could no longer work at any job after he was hospitalized at Springbrook for his emotional impairments and drug abuse. Plaintiff testified that he had been sexually abused as a child and was diagnosed with major depression when he was eighteen years old. He was given anti-depressants and has been hospitalized several times for suicidal ideations and for major depression. Plaintiff testified that he experiences periods lasting for several months at a time during which he is fine, then he becomes depressed and resorts to using cocaine as an escape. According to Plaintiff, his depression makes him not want to be around people or leave the house, and he feels hopeless and sad. Plaintiff also testified that he has flashbacks of his sexual abuse. As recently as a month before his hearing, he was hospitalized for eight days for suicidal tendencies and relapse of drug use. He indicated that he only takes drugs when he is depressed, and his drug use typically follows his suicidal and depressive states. He denies using drugs when he is not depressed. He has seen mental health professionals for his drug use and depression, and he takes the anti-depressant, Celexa.

Plaintiff also testified that he suffers from chest pains resulting from acid reflux. He treats the problem with nitroglycerine about two or three times a week. Additionally, Plaintiff indicated that he injured his left knee in a car accident in the previous year. Sitting in one position causes a burning pain in his knee cap area. In the same accident, he pinched a nerve, which causes constant numbness in his left, non-dominant arm. Plaintiff has gained about

100 pounds in the last two years because of his depression. He lives alone and receives food stamps and assistance from his parents. Plaintiff is able to drive but does not own a car. He indicated that his medications do not cause any side effects.

According to Plaintiff, he can lift 50 or 60 pounds for a short while. He testified that he can stand for about only 15 or 20 minutes before he experiences pain in his neck and leg. He is able to sit for about 25 or 30 minutes before he has trouble with his knee. Plaintiff said that he does not have trouble walking and is able to bend over and touch his knees. On a typical day, Plaintiff gets up, fixes something to eat, and reads or does a crossword puzzle or watches television. Sometimes he will go for a walk and then go to bed. He goes to church on Wednesdays and Sundays. He wakes at around 8:00 in the morning and goes to bed around 11:00 at night. Plaintiff testified that he does not nap during the day unless he is depressed, when he will sleep around the clock. He is able to cook and clean for himself. He attends Narcotics Anonymous two or three times a week, but otherwise he does not participate in social events. Plaintiff stated that the only time he feels safe and comfortable is when he is in the mental hospital, where he has gone every year for the past several years. He also has attended a Christian regeneration camp, where he worked in the cleaning or landscaping crew.

Plaintiff testified that he worked as a hospital admitting clerk for three or four months after his alleged onset date. He only worked 24 hours a week in that position because it was a pool position rather than a full-time position, but he did not have any problems performing the job. Plaintiff also drove a semi truck for three weekends. In the past fifteen years, he has worked in jewelry and new automobile sales for five years. He drove a delivery

truck for approximately two years. That job entailed occasional lifting of approximately forty pounds. He also worked as a security guard for six years, transporting prisoners for a few months, and as a police officer. Plaintiff testified that he has been looking for a job and is trying to resume his job at the hospital. See Plaintiff's testimony (R. 392-413).

The ALJ also heard testimony from John Edwards, a vocational expert, who testified to the exertional and skill levels of Plaintiff's past work. Thus, the VE opined that Plaintiff's past work as a hospital admitting clerk was sedentary and semi-skilled, an automobile sales person was light and skilled, an auto parts clerk was heavy and semi-skilled, a semi truck driver was medium and semi-skilled, a delivery driver was medium and unskilled, a jewelry salesperson was light and skilled, and a security guard was light and semi-skilled. See VE's testimony (R. 413-14).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are addressed herein as necessary.

By his decision of May 22, 2002, the ALJ determined that Plaintiff's cocaine addiction met the requirements of Listing 12.09 (substance addiction disorders). Based on that determination, the ALJ found that although Plaintiff was disabled as of June 6, 2000, he was not entitled to disability benefits or Supplemental Security Income payments in light of Section 105 of Public Law 104-121, which precludes a finding of disability where alcohol or substance abuse is a contributing factor material to the determination of disability. Thus, the ALJ concluded that, absent his addiction, Plaintiff retained the ability to perform medium exertional work, could perform past relevant work and was not disabled as a result. (R. 19-

22).  The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and Supplemental Security Income payments, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  Id. at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  See id. at § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  The Commissioner must apply the correct law and demonstrate that she has done so.  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994) (citing Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991)).

5

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. Miles, 84 F.3d at 1400; Bloodsworth v. Heckler, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).

### III.

The Plaintiff raises three claims on this appeal. As stated by the Plaintiff, they are as follows:

(1) The Commissioner erred in failing to give adequate weight to the credible testimony of the Plaintiff;

(2) Commissioner failed to fully and adequately consider all of the Plaintiff's impairments in full combination; and

(3) The Commissioner erred in finding that the Plaintiff could return to past work.

6

By his first claim, Plaintiff argues the ALJ improperly discounted the credibility of his allegation that his drug addiction did not *cause* his depression. In Plaintiff's view, the record evidence supports that his depression resulted from childhood sexual abuse and resulting post-traumatic stress and that depressive episodes always precipitated his use of crack cocaine. According to Plaintiff, the import of this credibility finding is that, had the ALJ accepted his subjective allegation that his depression precipitated his drug use, the application of Public Law 104-121 would not have precluded an award of benefits. Thus, Plaintiff essentially challenges the ALJ's determination that his cocaine dependence was a contributing factor material to the determination of disability based on an erroneous credibility finding.

In 1996, Congress amended the statutory definition of disability under the Social Security Act to preclude the award of benefits when alcoholism or drug addiction is determined to be a contributing factor material to the determination that a claimant is disabled. See Pub. L. No. 104-121 § 105; 42 U.S.C. § 423(d)(2) (The Contract with America Advancement Act of 1996 ("CAAA")). The regulations thereunder describe how to determine whether the claimant's drug addiction or alcoholism is a contributing factor material to the determination of disability. According to the regulations:

> (a) If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (b)(1) The key factor . . . in determining whether drug addiction or alcoholism is a contributing factor material to

7

>    the determination of disability is whether we would still find
>    you disabled if you stopped using drugs or alcohol.
>
>    (b)(2) In making this determination, we will evaluate which
>    of your current physical and mental limitations, upon which
>    we base our current disability determination, would remain if
>    you stopped using drugs or alcohol and then determine
>    whether any or all of your remaining limitations would be
>    disabling.
>> (i) If we determine that your remaining
>> limitations would not be disabling, we will
>> find that your drug addiction or alcoholism is
>> a contributing factor material to the
>> determination of disability.
>> (ii) If we determine that your remaining
>> limitations are disabling, you are disabled
>> independent of your drug addiction or
>> alcoholism and we will find that your drug
>> addiction or alcoholism is not a contributing
>> factor material to the determination of
>> disability.

20 C.F.R. §§ 404.1535(b), 416.935(b). In this circuit, the claimant bears the burden of proving whether he would be disabled if he stopped using drugs and alcohol. Doughty v. Apfel, 245 F.3d 1274, 1275-76 (11th Cir. 2001).

Here, the ALJ's decision is not a model of clarity with respect to his application of 42 U.S.C. § 423(d)(2)(C) and the regulations implementing such. Nonetheless, when read in context of his review of the medical evidence, I must conclude that the ALJ employed the correct analysis. Thus, in accordance with the regulations, the ALJ found that Plaintiff was disabled, noted the medical evidence of record revealing Plaintiff's addiction to crack cocaine, and concluded that Plaintiff's drug use was a contributing factor material to disability (R. 19-22). See 20 C.F.R. §§ 404.1535(b), 416.935(b).

Further, upon my review of the administrative record, substantial evidence supports the ALJ's findings. First, it appears undisputed that when Plaintiff's drug use is considered, he meets the criteria of Listing 12.09 and is therefore disabled. Next, the record is replete with medical documentation of Plaintiff's addiction to crack cocaine. See, e.g., (R. 133-34, 141, 146, 160, 163, 169, 180, 205, 208, 219, 239, 272, 382-83). The record also shows that Plaintiff has been through at least four programs for chemical addiction and/or alcohol problems. See (R. 178, 186, 230). And, as early as 1991, Plaintiff admitted that he was a cocaine addict. (R. 146). As for the materiality finding, the record reveals that prior to his alleged onset date, Plaintiff returned to work following four hospitalizations for suicide attempts made while using crack cocaine. After his alleged onset date, Plaintiff also experienced relapses involving crack cocaine and his depression improved (with medication and counseling) during periods of sobriety to the extent that he was able to work. See, e.g., (R. 393-94). In addition, during one particular period of abstinence, Plaintiff's treating psychiatrist, Dr. Luis Rodriguez, noted that Plaintiff was doing "relatively well," he was scheduled to start school, he denied feelings of depression, and his mental status examinations were essentially within normal limits. (R. 269-72). Although a social worker noted during this same period that Plaintiff's attention span had not increased (R. 287), Plaintiff was employed shortly thereafter (R. 393). While the record does not contain a treating source statement indicating that Plaintiff is not disabled (as a result of depression or any other mental impairment)[1] absent his use of crack cocaine or other substances, it does contain such a

---

[1] On this appeal, Plaintiff does not challenge the ALJ's findings with respect to any of his alleged physical impairments.

9

statement from a state agency doctor. <u>See</u> (R. 251). These medical opinions, as well as Plaintiff's own testimony, provide adequate support for the ALJ's materiality determination.[2] <u>See</u> <u>Doughty</u>, 245 F. 3d at 1281. As for Plaintiff's initial argument, even accepting that the ALJ erroneously discounted Plaintiff's subjective allegation that his depression caused his cocaine addiction and not vice versa, I agree with the Commissioner that the analysis compelled by the CAAA and regulations does not require the ALJ to exclude evidence of a mental condition that causes substance abuse, and Plaintiff cites no authority in support of his argument to the contrary.[3]

In light of the findings above, Plaintiff's other arguments need not be addressed. In short, Plaintiff has failed to meet his burden of proof in establishing that he would be disabled if he stopped using crack cocaine or any other substance. This finding is implicit in the ALJ's materiality finding and is supported by the record. Notably, the medical record does not support a disabling mental or physical condition absent Plaintiff's use of drugs and Plaintiff does not allege that he was disabled by depression or any other condition independent from his use of drugs. Consequently, even had the ALJ erred in assessing Plaintiff's mental limitations or ability to perform past work, the error would be harmless in light of the fact that there is no possibility of a different end result. Thus, remand would not be required on either

---

[2] Also, it is worth noting that Plaintiff did not introduce any evidence to demonstrate that he suffered disabling limitations stemming from his depression aside from those connected to his use of cocaine.

[3] Because Plaintiff challenges the ALJ's credibility determination only with regard to his explanation of the causal relationship between his depression and cocaine dependency, the ALJ's findings pertaining to the credibility of Plaintiff's other subjective allegations are not discussed.

ground.  See Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983); Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988); Fed. R. Civ. P. 61.

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence.  The decision is affirmed.  Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the file.

**Done and Ordered** at Tampa, Florida, this 6th day of September 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record